FILED
SUPERIOR COURT
OF GUAM

2024 FEB -6 PM 2: 38

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0256-19 |
| v. | |
| EMILIO TROY BORJA,<br>aka Emilio Tray Borja<br>(DOB: ~~02/22/1981~~<br>12/07/1999<br>Defendant. | **DECISION AND ORDER**<br>*Re: People's Motion to Revoke Defendant's*<br>*Probation* |

This matter came before the Honorable Arthur R. Barcinas on November 9, 2023, for a revocation hearing after the People filed a Motion to Enter Guilty Plea and Revoke Probation ("Motion") on July 26, 2023. Defendant Emilio Troy Borja ("Defendant") was present with counsel Assistant Public Defender Kathleen Aguon. Assistant Attorney General Grant Olan appeared on behalf of the People of Guam ("the People").

### BACKGROUND

On December 22, 2020, Defendant took a deferred guilty plea to the charge of Criminal Mischief (As a 3rd Degree Felony). Under the terms of the deferred plea, Defendant was to serve three (3) years incarceration, all suspended, with credit for time served. Additionally, Defendant was to pay a fine of $250.00 plus court costs, pay restitution to the victim, undergo assessment with Client Services and Family Counseling ("CSFC"), obey all local and federal laws, and perform 180 hours of community service. In exchange, Defendant was released from

confinement on December 22, 2020, with the plea to be deferred for a period of two (2) years, and probation set to expire on December 22, 2022.

On October 19, 2021, Probation filed the First Violation Report. The report indicated that, on June 17, 2021, the Defendant was indicted in CF0286-21 for two counts of Aggravated Assault (As a 3rd Degree Felony), and two counts of Family Violence (As a 3egree Felony). All counts included the special allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony. On December 30, 2021, Defendant pled guilty to two counts of Family Violence (As a Misdemeanor) and was released from jail. On January 9, 2023, the Defendant was committed for violating his probation in CF0286-21 and was not released until July 7, 2023.

On April 6, 2022, Probation filed the Second Violation Report, which indicated that, on March 24, 2022, Defendant had tested presumptive positive for THC, amphetamine, methamphetamine, and MDMA. Defendant admitted to smoking marijuana on March 23, 2022, but challenged the other results. His urine sample was sent to Diagnostic Laboratory Services, which detected and confirmed the presence of amphetamine and methamphetamine but tested negative for MDMA.

On January 9, 2023, Probation filed the Third Violation Report. The report indicated that, on January 7, 2023, Defendant was charged in CM0007-23 for Criminal Mischief (As a Misdemeanor) with the special allegation of Crime Against the Community. The Court notes that, while Defendant did complete his community service hours, the crime in question was committed at the location where Defendant was performing said community service. On July 7, 2023, Defendant pled guilty to Criminal Mischief (As a Misdemeanor).

On July 25, 2023, the Defendant filed his Opposition to Revoke Probation, a day before the People filed the Motion for Revocation.

## DISCUSSION

### I. Legal standard

9 GCA § 80.66, which governs probation revocation proceedings, provides, in relevant part, that:

> (a) At any time before the discharge of the offender or the termination of the period of suspension or probation:
>
> (1) upon a showing of probable cause that an offender has violated a condition of his suspension or probation, the court may summon the offender to appear before it or may issue a warrant for his arrest[, and] ...
> (2) the court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

9 GCA § 80.66(a)(1)-(2). (2023).

### II. Motion for Revocation

In the Motion, the People allege that, since the imposition of his probation, Defendant has failed to comply with the probation condition to obey all laws of Guam and has also failed to submit to drug and alcohol assessment at the Guam Behavioral Health and Wellness Center ("GBHWC"). Due to that alleged failure, the People request the Court to enter Defendant's guilty plea, and revoke his probation, with a sentence of one (1) year incarceration. The People compare this case to *People v. Camacho*, 2009 Guam 6, in which the defendant similarly entered into a written deferred plea agreement but failed to complete the drug rehabilitation

program, submit to drug tests and report weekly to Probation. That defendant had his probation revoked and was sentenced to three (3) years incarceration.

Defendant argues that the behavior underlying his three violations may warrant some consideration, that Defendant has a history with GBHWC and his behavior should be assessed by GBHWC, and that the Court should order him to avail of any treatment he may still require. Defendant further argues that the Court consider assessment and treatment at GBHWC as a lesser sanction because it would be a reasonable deterrence from future violations and because further incarceration would not be in the public's best interest due to cost. Defendant alleges that he has applied for the Residential Substance Abuse Treatment ("RSAT") program at the Department of Corrections and would like to avail himself of the inpatient services at Lighthouse Recovery Center. As an alternative to revocation, Defendant requests that the Court either extend the length of his probation in order for him to complete his probation conditions or order him to be assessed for treatment at GBHWC.

Probation revocation is a two-step process. *Guam v. Camacho*, 2009 Guam 6 ¶ 27. First, the trial court must make a factual determination that a violation of a condition of probation actually has occurred. *Id.* This is unnecessary, as Defendant has either openly admitted to his violations, or has been proven guilty of said violations beyond a reasonable doubt in other courts.

Accordingly, the Court must now determine if the violation warrants revocation of the probation. *Id.* A defendant's violation of probation warrants revocation where the violation upsets the intent of the probation conditions. *Id.* ¶ 31. The goal of a revocation hearing is not to decide guilt or innocence, but to determine whether the defendant remains a good risk for probation. *Id.; People v. Manila*, 2005 Guam 6 ¶ 13. The standard of proof required at a

probation revocation hearing is that the evidence and the facts be such as reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation. *People v. Angoco*, 1998 Guam 10 ¶ 8 The trial court's decision to revoke probation must be based on credible evidence, but the defendant bears the burden of showing an excuse for the failure to comply with the conditions. *Camacho*, 2009 Guam 6 ¶ 30.

Upon consideration of the record, the parties' arguments, and the nature of the Defendant's violations, the Court finds the Defendant tolonger be a good candidate for probation. Defendant has failed to obey the laws of Guam in such a way that he has established himself as a potential threat to the community and to his family, and Defendant has not demonstrated any substantial excuse for his failure to comply with the conditions of his probation. Accordingly, the Court will **REVOKE** Defendant's probation and sentence him to three (3) years of incarceration, with credit for time served.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the People's Motion to Revoke Defendant's Probation. Defendant's probation is hereby **REVOKED** and Defendant is sentenced to three (3) years of incarceration at the Guam Department of Corrections, with credit for time served.

FEB 06 2024

**SO ORDERED** _____.

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA EMAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

___AG; PDSC___

Date: 2/6/24 Time: 2:50

Caulevio

Deputy Clerk, Superior Court of Guam